**CINCINNATI & LAKE ERIE RD CO v A JACKSON & SONS, INC**

Ohio Appeals, 2nd Dist, Madison Co

No 129. Decided Feb 18, 1937

690

Martin & Cory, Springfield, for appellant.
Vorys, Sater, Seymour & Peace, Columbus, for appellee.

## OPINION

By BARNES, PJ.

The above-entitled cause is now being determined on plaintiff's appeal on question of law from the judgment of the Court of Common Pleas of Madison County, Ohio.

The cause was tried on the amended petition of plaintiff, the answer and cross-petition of the defendant, plaintiff's reply to the cross-petition, and the evidence. The jury returned its verdict against the plaintiff on its petition and against the defendant on its cross-petition. Motion for new trial was filed within the statutory period; upon hearing same was overruled and judgment entered on the verdict. Plaintiff alone, through its appeal, prosecutes error in this court.

Plaintiff's cause of action, as disclosed through its amended petition, was predicated upon claimed property damage due to the claimed negligent operation of a motor truck by defendant's agent, resulting in a collision between the interurban car and said truck, inflicting damages in the claimed amount of $8634.67. Defendant's cross-petition alleged negligence in the operation of the traction car, which was said to be the proximate cause of the collision, and the resultant damages to the defendant in the sum of $900.00.

The claimed acts of negligence, as set forth in plaintiff's amended petition, were as follows:

"First: The defendant operated its motor vehicle at a rate of speed, to-wit: in excess of 20 miles per hour.

"Second: The defendant failed to control said motor vehicle and avoid such collision.

"Third: The defendant failed to operate its truck on the south side of the street and highway and failed to pass plaintiff's passenger car on its right-hand side thereof.

"Fourth: The defendant failed to decrease the speed of its truck as it approached plaintiff's car.

"Fifth: The defendant ordered its agent as aforesaid to operate its said truck over the streets and highways as hereinbefore set forth, although said driver was then in an exhausted condition and unfit to drive the same because of lack of sleep and rest, all of which was then known to said defendant."

The defendant in its cross-petition alleges that plaintiff was negligent in the following respects:

"1. Plaintiff operated its electric passenger car at a speed of 35 miles per hour.

"2. Plaintiff failed to control said car and avoid the collision.

"3. Plaintiff operated said car with its bright headlight shining so as to blind the drivers of east bound traffic.

"4. Plaintiff failed to slow down or decrease the speed of its car as it approached defendant's tractor and trailer.

"5. Plaintiff failed to sound a horn, gong or other signal device warning defendant of the approaching of plaintiff's car."

Under the assignment of errors plaintiff appellant sets forth the following:

"I. The trial court erred in admitting in evidence ordinance number 175 of the Village of Jefferson, Ohio, and in excluding from evidence ordinance numbers 187, 215, 216, 325 and 394 of said village.

"II. The trial court erred in giving special charge number 1 requested by the defendant before argument.

"III. The trial court erred in deciding as a matter of law that ordinance number 175 of the Village of Jefferson, Ohio, was in full force and effect on March 3, 1931, and in so charging the jury.

"IV. The trial court erred in charging the jury that the plaintiff was negligent per se in operating its electric car at a rate of speed in excess of 12 miles per hour.

"V. The trial court erred in refusing to give special charge number 3 requested by the plaintiff before argument.

"VI. The trial court erred in refusing to charge the jury in its principal charge on the issue of wanton misconduct and the

issue of contributory negligence as affected by the issue of wanton misconduct.

"VII. The trial court erred in its general charge to the jury.

"VIII. The verdict of the jury was manifestly against the weight of the evidence."

The following brief statement of facts will render understandable the nature of the controversy and the manner in which the claimed errors arise.

On the night of March 3, 1931, near midnight, one of plaintiff's passenger cars was being operated on its track in a westerly direction through the municipality of West Jefferson and immediately before the accident at a speed of approximately 30 miles per hour. There was only one passenger on the car at the time of the accident, he being asleep and knowing nothing about the accident until after it occurred. This car was what is termed a "one man car," the motorman also acting as the conductor. It was equipped with lights inside and outside the car that are usually displayed, including one headlight. The only witnesses to the accident were the motorman on the traction car and the driver of the truck.

At this same hour the large Mack truck with trailer attached was being operated in an easterly direction. The only person therein or thereon was the driver of said truck. The tracks of the traction company run through the municipality in the center of the street, leaving said street to its own right-of-way at the extreme western edge of the municipality. On either side of the tracks through said municipality was adequate driving space for vehicular traffic; the distance on the south side being from eighteen to twenty feet, consisting of a paved portion and a gravel berm.

The driver of the truck crossed the tracks of the traction company at the western end of the municipality and then proceeded eastwardly on the south half of the street. Had the truck continued in its general course it was in the clear and no accident would have occurred. When the traction car and the truck were about twenty-five feet apart the truck veered in the direction of the traction car. The motorman threw on his brakes, seeking to give all the braking power that he had. The front end of the truck cleared the car but the left front side of the trailer struck the car near the front left side thereof, tearing out about one-half of the side of the traction car extending from the front backwards.

The query at once arises as to what reason, if any, was shown for the truck veering into the path of the traction car. Plaintiff, appellant, presented evidence seeking to show that the driver of the truck must have been asleep. There was no direct evidence that the driver was asleep, but in support of such contention an inference was urged through evidence of long and continuous hours that the driver had been engaged in operating the truck, together with certain claimed admissions made to others following the accident. The driver of the truck controverted parts of this evidence and further stated positively that he was not asleep. His explanation was that the headlight on the traction car was burning very brightly and as they approached each other this bright light struck his windshield and completely blinded him, so that he was unable to see at all; he further states that he at once applied his brakes and the truck drifted to a stop and was practically stopped at the time of the collision. He also says that he was unaware that his truck was turned in the direction of the traction car. The motorman testifies that his headlight was turned on to dim when he was some twelve hundred feet away from the truck. The driver of the truck denies this but does say that he thinks the light on the traction car was dimmed but not in time for him to regain his vision.

Appellant's assignment of errors I, II, III and IV raises substantially the same legal question and in the briefs they are considered together. Each and all of these claimed errors revolve around ordinance number 175 of the Village of Jefferson, Ohio. This ordinance was enacted in 1909 and is herewith quoted in full:

"That it is hereby declared unlawful for any street interurban or traction electric railway company, its officers, employees, agents, motorman, conductors or any other corporation or person to move any interurban or traction or street railway car or cars over and along any tracks within the corporate limits of said Village of Jefferson, Ohio, at a greater rate of speed at any time and place than twelve miles per hour."

The claim is made by appellant that this ordinance was repealed by implication. The trial court held against plaintiff's contention and in his general charge to the jury instructed them that the operation of a traction car at a speed of more than twelve miles per hour would be negligence per se. There was also given in defendant's special

692

charge number 1, substantially the same instruction.

Plaintiff sought to introduce ordinances numbers 187, 215, 216, 325 and 394 in support of their claim that ordinance number 175 was repealed by implication.

Counsel are familiar with the language of these various ordinances and the date of their enactments; therefore it is unnecessary to quote from them in detail. Suffice it to say that we are in accord with the conclusion of the trial court. We are unable to conclude that either of the ordinances following No. 175 could properly be construed to refer to the speed of interurban or traction electric railway cars, but rather to motor vehicles.

It is a well-recognized principle of law that repeal by implication is not favored. The rule as applicable to legislative enactments is likewise applicable to ordinances of municipalities. The text of different laws, if the language permits, shall be so construed as to give effect to all. Even if it might be said that these several ordinances repealed by implication the ones immediately preceding, then §1 of ordinance number 325 and §2 of 394 would be invoked.

Section 1 of 325, enacted February 2, 1925, refers to operation of motor vehicles and follows the statute that the speed shall not be greater than reasonable and proper, having regard for the width, traffic and use and the general and usual rules as provided for the use of said streets, alleys, highways and roads.

Section 2 under this same ordinance number 325 likewise follows the statute and provides that a speed greater than fifteen miles an hour in the business or closely built up portion of said Village of Jefferson or more than 25 miles an hour in all other sections of said village shall be deemed prima facie evidence of a speed greater that reasonable and proper, etc.

Ordinance number 394, enacted October 24, 1929, amended above §2 by providing 20 miles an hour in the business and closely built up section and 35 miles an hour in all other sections. The testimony of the motorman was that he was operating the car at an estimated speed of 30 miles per hour. There was no other evidence as to speed.

Counsel for appellant further urge that ordinance number 175 is unreasonable in its provisions as to speed and therefore void. In the light of the reported cases on this subject we are unable to so determine.

Appellant's assignment of errors V and VI are considered together. Plaintiff's special request to charge number 3 sought to raise the issue of wanton misconduct on the part of the defendant company. The court in his general charge to the jury did not charge on the question of wanton misconduct. We find no error as claimed under assignments V and VI.

In the first place, the petition does not set out or claim wanton misconduct, nor does it set forth facts from which it might be said that this issue is raised. This is a requisite to raising the issue of wanton misconduct. The petition is predicated wholly upon claimed negligence. Neither does the evidence raise such issue of wanton misconduct.

Assignment No. VII complains of error in the general charge of the court. We have examined the charge in its entirety and particularly on the specific questions pointed out in appellant's brief. We think the charge is a splendid exposition of the law, showing very careful and thoughtful consideration of the issues as presented by the pleadings. It is eminently fair, and above all, expressed in language understandable to the jury.

Assignment number VIII makes the claim that the verdict was against the manifest weight of the evidence. This assignment of error requires a full reading of the record. This we have done. We are frank to say that if we were determining the case originally we would have difficulty in arriving at the same conclusion as did the jury. However, we are not permitted to substitute our judgment for that of the jury, if from a careful analysis the jury, as reasonable men and women had the basis under the evidence to arrive at the verdict returned by them. On the question of the speed of the motor car constituting negligence per se, there would still be the question as to whether or not such speed was a proximate cause of the accident and resultant damage. Standing alone the jury might not have returned the verdict they did.

The claim is made that the traction company was negligent in that its headlight blinded the driver of the truck so that he was unable to see where he was driving. The driver says he endeavored to stop and

had his car practically at a stand-still when the collision occurred. If the driver was blinded, of course he could not see the general direction in which his truck was moving. Even so, the natural tendency of a driver would be to pull away from an impending danger. Of course, the oncoming car was an impending danger. There are other elements that may have deflected the course of the car without the knowledge of the driver. For instance, a chuck hole in the street or other small obstruction might deflect the front wheels so as to change its course. If the driver was blinded he could not be blamed for not controlling his car against such conditions. It is true there is no evidence that the wheels were deflected, but if the jury believed that all control of the movements of the truck was taken away from the driver by reason of his being blinded, the jury might draw on general experience as to conditions which might deflect the wheels and turn the car in the direction of the oncoming traction car, rather than away from it.

The state of the record is not such that this court should disturb the verdict on the weight of the evidence.

Finding no prejudicial error, the verdict of the jury and the judgment of the trial court will be affirmed.

Costs will be adjudged against the appellant.

Exceptions will be allowed.

HORNBECK, J, concurs.
GEIGER, J, not participating.